00-2377-A
A_ADVERSARY
PLAINTIFF: Harveys Resort Hotel And
DEBTOR: Quan Cam Duong
DEFENDANT: Quan Cam Duong
JUDGE: Hon. D. Russell

FILED 07/14/00 - 11:41 AM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION    kuis
RECEIPT NO: 2-0-014387    $150

R. JOHN YOUNGS (SBN 106694)
P.O. Box 567
Placerville, CA 95667
Telephone: 530-622-7342

Attorney for Plaintiff

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re:                                  ) CHAPTER 7 PROCEEDING
                                        )
QUAN CAM DUONG,                         )
                                        ) CASE NO.: 00-24282-A-7
                    Debtor.             )
                                        ) ADVERSARY NUMBER:
HARVEY'S RESORT HOTEL & CASINO,         )
                                        )
                    Plaintiff,          )
v.                                      ) COMPLAINT TO DETERMINE
                                        ) DISCHARGEABILITY OF DEBT
QUAN CAM DUONG,                         )
                                        )
                    Defendant.          )

HARVEY'S RESORT HOTEL & CASINO, (hereinafter "plaintiff") respectfully represents and complains as follows:

1. This adversary proceeding is being brought in connection with the case of QUAN CAM DUONG (hereinafter "defendant") under Chapter 7 of Title 11, Case No. 00-24282-A-7 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157, 1334 and 11 U.S.C. Section 523(a). This is a core proceeding under 28 U.S.C. Section 157(b).

2. Plaintiff is a creditor of the defendant and is the payee or holder of four (4) credit instruments (hereinafter "credit instruments") dated October 23, 1999 and October 24, 1999, each executed by the defendant and payable for the aggregate amount of $7,500.00. Of this aggregate amount defendant has only paid $10.00. Copies of the credit instruments are attached marked collectively as Exhibit 1 and made a part hereof.

3. On or about October 23, 1999 and October 24, 1999 by the use of false pretenses,

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT                            - 1 -

false representations or actual fraud contrary to the provisions of Section 523(a)(2)(A) of the Bankruptcy Code and/or by the use, negotiation and tendering of the credit instruments to plaintiff contrary to the provisions of Section 523(a)(2)(B) of the Bankruptcy Code defendant induced plaintiff to provide defendant with the cash, its equivalent and/or goods and/or services requested by the defendant to the agreed value of $7,500.00.

4. Each of the credit instruments prominently contains identical written statements representing that, "For value received, I represent that the above amount is on deposit in said bank and is hereby assigned to Payee. I guarantee payment to Payee upon presentment and I agree to pay all costs of collection including attorney's fees...".

5. Defendant's verbal statements to plaintiff that plaintiff would be paid $7,500.00 on the dates that defendant executed the credit instruments and the four (4) written statements contained in the credit instruments were all materially false in that each of the credit instruments was dishonored and remains unpaid by defendant's bank for the stated reason endorsed thereon by defendant's bank, namely, "NSF".

6. Plaintiff reasonably relied on the accuracy of the defendant's aforesaid oral and written statements at the time it provided the defendant with the requested cash, its equivalent and/or goods and/or services for the aggregate value of $7,500.00.

7. At the time the defendant made his verbal statements and tendered the credit instruments to plaintiff and published each written statement contained therein he knew the same to be false and fraudulent but nevertheless made and published the same with the intent to deceive the plaintiff.

8. Plaintiff has fully complied with the provisions of both California Civil Code Section 1719 and Nevada Revised Statutes Section 41.620 and is consequently entitled to damages of not less than $100 per credit instrument, in addition to the face amounts of the dishonored credit instruments.

9. Plaintiff has performed all acts, covenants and conditions to be performed on its part under the terms of the credit instruments.

10. As a direct and proximate result of the defendant's use of false pretenses, false

representations or actual fraud contrary to the provisions of Section 523(a)(2)(A) of the Bankruptcy Code and/or using, negotiating and tendering the credit instruments to plaintiff contrary to the provisions of Section 523(a)(2)(B) of the Bankruptcy Code and breach of the terms of the credit instruments, plaintiff has been damaged in the aggregate sum of $7,490.00 [being the aggregate amount of the four (4) credit instruments less the amount paid of $10.00], plus damages pursuant to California Civil Procedure Section 1719 or Nevada Revised Statutes Section 41.620, attorney's fees, costs and interest thereon at the rate of 10% per annum from October 24, 1999.

WHEREFORE, plaintiff prays for Relief and Judgment as follows:

1. That the Court determine that the debts owed by the defendant to the plaintiff are non-dischargeable under either Section 523(a)(2)(A) or Section 523(a)(2)(B) of the Bankruptcy Code.

2. That the Court determine the remaining issues and render judgment in favor of the plaintiff for the sum of $7,490.00, damages pursuant to California Code of Civil Procedure Section 1719 of $6,000 or Nevada Revised Statutes Section 41.620 of $2,000, attorney's fees, costs and interest at the rate of 10% per annum from October 24, 1999.

3. For such other and further relief as the Court may deem just and proper.

Dated: 7/12, 2000

R. JOHN YOUNGS, Attorney for Plaintiff
HARVEY'S RESORT HOTEL & CASINO

EXHIBIT 1

## Check 1

A5865756
C.T 24160

BANK NAME GOLDEN 1 C/U
BRANCH
CITY/STATE SACRAMENTO, CA  95828

MARKER CHECK # 99031676
ABA NO. 321175261
ACCOUNT NO. 0001981035
CA
DATE 10-24-99
TIME 13:08

204277          99031676     7-002

PAY TO THE ORDER OF - - - CASH - - -    $ ***3000.00
U.S. FUNDS

THREE THOUSAND DOLLARS                                DOLLARS

NAME QUAN DUONG
ADDRESS 8119 HAYSTACK DR
CITY/STATE SACRAMENTO          CA

SIGNATURE

⑈321175261⑈   0001981035⑈   ⑈0000300000⑈

## Check 2

DAB64951
RA 70en
109

BANK NAME GOLDEN 1 C/U
BRANCH
CITY/STATE SACRAMENTO, CA  95828

MARKER CHECK # 99031602
ABA NO. 321175261
ACCOUNT NO. 0001981035
DATE 10-23-99
TIME 20:46

204277          99031602     7-005

PAY TO THE ORDER OF - - - CASH - - -    $ ***2000.00
U.S. FUNDS

TWO THOUSAND DOLLARS                                DOLLARS

NAME QUAN DUONG
ADDRESS 8119 HAYSTACK DR
CITY/STATE SACRAMENTO          CA

SIGNATURE

⑈321175261⑈   0001981035⑈   ⑈0000200000⑈

## Check 3

14.07620
AC9071

BANK NAME GOLDEN 1 C/U
BRANCH
CITY/STATE SACRAMENTO, CA  95828

MARKER CHECK # 99031711
ABA NO. 321175261
ACCOUNT NO. 0001981035
DATE 10-24-99
TIME 19:17

204277          99031711     7-001

PAY TO THE ORDER OF - - - CASH - - -    $ ****500.00
U.S. FUNDS

FIVE HUNDRED DOLLARS                                DOLLARS

NAME QUAN DUONG
ADDRESS 8119 HAYSTACK DR
CITY/STATE SACRAMENTO          CA

SIGNATURE

BANK NAME GOLDEN 1 C/U
BRANCH
CITY/STATE SACRAMENTO, CA 95828

ABA NO. 321175261 10
ACCOUNT NO. 0001961035
DATE 10-24-99
TIME 17:15

204277    99031700    7-002

PAY TO THE
ORDER OF - - - CASH - - -                    $ **2000.00
                                                U.S FUNDS

TWO THOUSAND DOLLARS                         DOLLARS

NAME QUAN DUONG
ADDRESS 8118 HAYSTACK DR
CITY/STATE SACRAMENTO    CA

For value received, I represent that the above amount is on deposit in said bank and is hereby assigned to payee. I guarantee payment to payee upon presentment and I agree to pay all costs of collection including attorney's fees. In the event of a lawsuit arising out of this instrument, I agree that venue will be in Douglas County, Nevada.

SIGNATURE

⑆321175261⑆    0001981035⑈    ⑈0000200000⑈